UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL BARROS,<br>    Plaintiff,<br><br>v.<br><br>ANNE- MARIE CLAYTOR, RAMUND<br>ROGERS, GREGORY AMES,<br>MICHAEL CUMMINGS, DANIEL<br>DESMOND, MICHAEL KOMINSKY,<br>DANIEL SULLIVAN, THOMAS<br>RICHARD, MICHAEL WINKLER,<br>RUSSELL REGAN, VICTOR FLAHERTY,<br>MARK HOLMES, RICHARD WARMINGTON,<br>JERRY LAWRENCE, ELDON MOREIRA,<br>MATTHEW ALBASESE, and NANCY MORRISON,<br>    Defendants. | Civil Action. No. 09cv11626-NG |

GERTNER, D.J.:

MEMORANDUM AND ORDER RE:
MOTION FOR JUDGMENT ON THE PLEADINGS
June 7, 2010

Plaintiff, Paul Barros, alleges various forms of misconduct by defendants arising from his arrest for operating a motor vehicle under the influence. Defendants Ramund Rogers, Gregory Ames, Michael Cummings, Daniel Desmond, Michael Kominsky, Daniel Sullivan, Thomas Richard, Michael Winkler, Russell Regan, Victor Flaherty, Mark Holmes, Richard Warmington, Jerry Lawrence, Eldon Moreira, Matthew Albasese, and Nancy Morrison have filed a Motion for Judgment on the Pleadings (document #67), which is hereby **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** with respect to all claims against Flaherty, Holmes, Warmington, Lawrence, Moreira, Albasese, and Morrison. As to Rogers, Sullivan, Regan, Ames, Cummings, Desmond, Kominsky, Richard, and Winkler, the Motion is **GRANTED** in part, but **DENIED** as to the allegations of cruel and unusual punishment.

## I. BACKGROUND

On February 7, 2008, plaintiff Paul Barros ("Barros") was arrested in the Town of West Bridgewater for operating a motor vehicle under the influence of alcohol ("OUI"). Compl. ¶¶ 19, 38-45. After Officers Sullivan and Regan, of the West Bridgewater Police Department, arrested Barros, they detained him at the West Bridgewater Police Station. Id. ¶¶ 47-57. At one point, Barros broke the plexiglass light fixture in his cell in order to get the officers attention, leading the officers to restrain him in his chair. Id. ¶ 67. According to Barros, an unknown officer, knowing of Barros's arachnophobia, then released five spiders into Barros's cell. The other officers were allegedly present. Id. ¶¶ 69-75.

The next morning, Barros was taken to Brockton District Court, where defendant Claytor was assigned to represent him on the OUI charges. Id. ¶¶ 87-90. After the arraignment, Barros was detained at the Plymouth County House of Corrections until February 26, 2008, when he pled guilty to the criminal charges. Id. ¶¶ 103-05. He was sentenced to two years' probation. Id. ¶ 106.

On September 5, 2008, Barros requested documents related to his arrest from the West Bridgewater Police Department. Id. ¶ 114. Defendant Flaherty responded that the system was down but provided him with whatever documents were available. Id. ¶¶ 115-16. A few months later, defendants sent Barros additional documents. Id. ¶ 120. Barros also sent a letter of complaint to Plymouth Town Clerk, Nancy Morris. Id. ¶¶ 124-25, 128-29.

On September 23, 2009, Barros brought suit in state court against several defendants: various West Bridgewater police officers -- Ramund Rogers, Gregory Ames, Michael Cummings, Daniel Desmond, Michael Kominsky, Daniel Sullivan, Thomas Richard, Michael

Winkler, Russell Regan, Victor Flaherty, Richard Warmington,[1] and Mark Holmes, his court-appointed attorney, Anne-Marie Claytor, a number of Plymouth Town Selectmen -- Jerry Lawrence, Eldon Moreira, Matthew Albasese, and the Plymouth Town Clerk, Nancy Morrison. The case was removed to federal court.

Barros' claims against the defendants are numerous and include: (a) false arrest and imprisonment by Officers Sullivan and Regan, who arrested Barros, and Officers Ames, Cummings, Desmond, Kominsky, Richard, and Winkler, who were allegedly present at the police station, Compl. ¶¶ 34-44, 37-44, 57, 78-79, 81; (b) harassment by Officer Rogers, id. ¶ 19; (c) violation of due process rights (through false arrest) by Officers Sullivan and Regan; (d) illegal search and seizure in violation of the Fourteenth Amendment, Mass. Const. Pt. I, Art. VI, and Mass. Gen. L. ch. 266, § 120D (no defendant named, just "police orders"), id. ¶ 52; (e) violation of criminal law, Mass. Gen. L. ch. 265, § 37, for filing false police report by all defendants, id. ¶ 61; (f) failure to notify Barros of right to medical examination following the OUI arrest by Officer Ames, id. ¶¶ 62-63; (g) conspiracy to torture by the release of five spiders into plaintiff's cell (by an unknown officer, but allegedly Officers Sullivan, Regan, Ames, Cummings, Desmond, Kominsky, Richard, and Winkler were present), id. ¶¶ 69-75; and (h) conspiracy to withhold evidence and cover up police misconduct, id. ¶¶ 111-132. On February 17, 2010, the Court dismissed defendant Anne-Marie Claytor. The remaining defendants filed a motion for judgment on the pleadings.

---

[1] Warmington is not mentioned anywhere in the complaint, and accordingly, all claims against him are dismissed.

## II.  DISCUSSION

### A.  Standard of Review

Courts review motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as applied to motions to dismiss. Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006). The only distinction between Rule 12(b)(6) and Rule 12(c) motions is that Rule 12(c) concerns the pleadings as a whole. Id. Well-pleaded facts alleged in the complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009). Pro se pleadings are to be liberally construed. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Still, the Court will not accept "unsupported conclusions or interpretations of law." Stein v. Royal Bank of Canada, 239 F.3d 389, 392 (1st Cir. 2001). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### B.  Plaintiff's Criminal Conviction Precludes Various Claims

To the extent that any of Barros' claims "necessarily imply the invalidity of his conviction or sentence . . . [they] must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id.

Nearly all of Barros's allegations necessarily imply the invalidity of his OUI conviction. The false arrest and imprisonment claims, the due process claim based on false arrest, the illegal search and seizure allegations, the harassment claim, and allegations related to false police

reports and withholding evidence all call into question the validity of Barros' arrest and conviction. Accordingly, these claims are dismissed.

Barros' cruel and unusual punishment allegations, however, are not barred, because they have no bearing on his conviction. Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006) (holding a Section 1983 claim may proceed if it does not call into question the validity of the conviction); Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998) ("[D]istrict court erred when it dismissed the appellants' deliberate indifference claim on the basis of Heck).

### C.     Cruel and Unusual Punishment

The Fourteenth Amendment, rather than the Eighth Amendment, protects pretrial detainees, though the standard applied to violations under both is the same. Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002). The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," Hope v. Pelzer, 536 U.S. 730, 737 (2002) (internal quotations omitted), that is, punishment "totally without penological justification." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). In determining whether conduct constitutes cruel and unusual punishment, courts must determine both if "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 297, 303 (1991)).

As to the first requirement, officials must act with more than negligence, Whitley v. Albers, 475 U.S. 312, 319 (1986); the conduct must intentional or due to deliberate indifference. Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 63 (1st Cir. 2002); Kosilek v. Maloney, 221 F. Supp. 2d 156, 160 (D. Mass. 2002). Here, taking facts in the light most favorable to Barros,

Ahmed, 118 F.3d at 887, the complaint alleges sufficient facts to support an inference of intentionality. The complaint provides that Officer Rogers told the other officers about Barros' "debilitating phobia of spiders," Compl. ¶ 71, and then an unknown officer released five spiders into his cell. Id. ¶ 69.

Whether the conduct was "harmful enough" presents a closer question. A detainee need not suffer serious physical injury for the use of force to constitute cruel and unusual punishment, Hudson, 503 U.S. at 4; psychological harm certainly can be sufficient. See id. at 16 (Blackmun, J., concurring) ("It is not hard to imagine inflictions of psychological harm -- without corresponding physical harm -- that might prove to be cruel and unusual punishment."); Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001) ("Eighth Amendment may be implicated not only to physical injury, but also by the infliction of psychological harm."); Jordan v. Gardner, 986 F.2d 1521, 1526 (9th Cir. 1993) (holding that "cross-gender clothed body search policy constituted 'infliction of pain.'"). What constitutes sufficient psychological harm is a fluid standard. It is "contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). Though *de minimis* use of force, even if intentional, generally cannot form the basis of a constitutional violation, "maliciously and sadistically" causing harm "always" violates "contemporary standards of decency." Id. at 9.

The Court need not decide definitely whether defendants' alleged intentional release of spiders into Barros' cell is cruel and unusual punishment. Since on a motion for judgment on the pleadings, all reasonable inferences must be drawn in plaintiff's favor, Barros has alleged sufficient facts to state a plausible claim for relief.

### D. Qualified Immunity

Qualified immunity involves a two-part inquiry: (1) did the defendant's actions violate a federal or constitutional right; and (2) was the right "clearly established" at the time of the alleged violation. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). The "clearly established" prong itself involves two considerations. A court must consider whether "'the contours of the right . . . [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Second, it must ask whether "a reasonable defendant would have understood that his conduct violated the plaintiffs' constitutional rights." Id. The crux of this inquiry is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. (quoting Brosseau v. Haugen, 543 U.S. 194, 199 (2004)).

For the reasons stated above, supra Section II.C., and accepting the factual allegations as true, defendants' actions violated plaintiff's Fourteenth Amendment right to be free from cruel and unusual punishment. Similarly, a reasonable officer would have understood that releasing spiders into the enclosed cell of a restrained detainee with a severe phobia was unlawful. Therefore, defendants are not entitled to qualified immunity on plaintiff's cruel and unusual punishment claim.

### E. Municipal Liability

To hold a municipality liable for Section 1983 violations, plaintiff must "identify a municipal 'policy' or 'custom' that caused [his] injury." Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Municipal liability cannot be premised on *respondeat superior*. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 689 (1978). In general, without

other evidence, a single incident alone cannot establish a municipal custom or policy. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). Here, not only has plaintiff failed to allege any facts relating to a town policy or custom, the Plymouth Town Selectmen, Moreira, and Albasese are not mentioned anywhere in the complaint. The only reference to Selectmen Lawrence is that he allegedly helped one of the police officers, Rogers, to receive a $250,000 "golden parachute" for his retirement. Compl. ¶ 132. As to Town Clerk Morrison, Barros alleges that he sent her a letter of complaint about police misconduct, and she sent him in return the "West Bridgewater Police Department Investigative Report." Compl. ¶¶ 124-25, 128-29. Neither these alleged actions constitutes a municipal policy or custom. All claims against the Town defendants are, therefore, dismissed.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings (document #67) is **GRANTED in part** as to all claims but one; the motion is **DENIED in part** as to the allegations of cruel and unusual punishment. The Motion for Judgment on the Pleadings is **GRANTED in full as to Lawrence, Moreira, Albasese, Morrison, Warmington, Flaherty, and Holmes.** Plaintiff's one remaining claim makes no allegations with respect to any of those defendants.

**SO ORDERED.**

**Date: June 7, 2010**         */s/ Nancy Gertner*
                               **NANCY GERTNER, U.S.D.C.**